**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KEITH D. SMITH,
                    Appellant,

          v.

OFFICE OF PERSONNEL
     MANAGEMENT,
                    Agency.

DOCKET NUMBER
CH-0845-15-0590-I-1

DATE: March 16, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Keith D. Smith, Radcliff, Kentucky, pro se.

Roxann Johnson, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1  The appellant has filed a petition for review of the initial decision, which dismissed his appeal as settled.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant and the Office of Personnel Management (OPM) entered into a settlement agreement to resolve an annuity overpayment appeal in the amount of $13,956.00. Initial Appeal File (IAF), Tab 7. The pertinent part of the agreement stated that OPM would accept repayment of the overpayment in 79 monthly installments of $175.00, and 1 final payment of $131.00, with no interest charged during this period. *Id*. The administrative judge entered the agreement into the record and dismissed the appeal. IAF, Tab 8.

¶3 The appellant has filed a petition for review, in which he argues that OPM violated the agreement on October 1, 2015, when it continued to recover the overpayment consistent with its original reconsideration decision, i.e., a monthly payment of $230.94. Petition for Review (PFR) File, Tab 1; IAF, Tab 1 at 22. OPM has filed a response in which it concedes that it erroneously recovered a portion of the overpayment on October 1, 2015, that was not in accordance with the settlement agreement. PFR File, Tab 5. OPM further asserts that it corrected the error by immediately terminating the collection and refunding the appellant the $230.94 that it had erroneously collected. *Id*. OPM contends that its inadvertent error should not warrant waiver of the appellant's overpayment. *Id*.

The appellant filed a reply to OPM's response in which he appears to be arguing the merits of his claim for waiver of the overpayment. PFR File, Tab 6.

¶4    Because the appellant does not challenge the validity of the settlement agreement on review, we deny the petition for review.[2]  However, because the appellant argues that OPM has breached the agreement, we construe the appellant's allegation as a claim of agency noncompliance, and we forward this claim to the Central Regional Office for docketing as a petition for enforcement. *See Tat v. U.S. Postal Service*, 111 M.S.P.R. 266, ¶ 4 (2009) (explaining that allegations of noncompliance should be heard in the first instance by the administrative judge.)

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

[2] A party may challenge the validity of a settlement agreement, regardless of whether it has been entered into the record for enforcement, if the party believes that the agreement is unlawful, involuntary, or the result of fraud or mutual mistake. *Wade v. Department of Veterans Affairs*, 61 M.S.P.R. 580, 583 (1994).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
                      William D. Spencer
                      Clerk of the Board

Washington, D.C.